OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. MORRIS

 

 
 STATE OF OKLAHOMA ex rel. OBA v. MORRIS2025 OK 96Case Number: SCBD-7961Decided: 12/15/2025THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 96, __ P.3d __

 

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CHARLES BRADY MORRIS, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent Charles Brady Morris, OBA No. 16019, from membership in the Oklahoma Bar Association. Respondent requests that he be allowed to relinquish his license to practice law and to resign his bar membership pending disciplinary proceedings, as detailed in his affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 On August 29, 2025, the OBA filed a complaint requesting discipline against Respondent pursuant to Rule 6, RGDP. The complaint raised one count of professional misconduct and violations of Rules 1.4, 1.15, 8.4(a) and (d), of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rules 1.3 and 5.2 of the RGDP.

¶3 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on April 19, 1994. Respondent's address appears on the official Bar roster as: 4017 Buckingham Drive, Norman, OK 73072. His mailing address is 1918 Knox Rd., Apt. 215, Ardmore, OK 73041. Respondent's Bar membership status is currently "Suspended" for failing to pay 2025 Bar dues.

(2) On September 23, 2025, Respondent executed his written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on September 24, 2025.

(3) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting his resignation. Respondent's resignation is due to health issues that affect his practice of law.

(4) Respondent is aware that a formal complaint has been filed against him pursuant to Rule 6, RGDP, alleging one count of violations of the Oklahoma Rules of Professional Conduct and Rules Governing Disciplinary Proceedings:

Count I. A grievance jointly brought by Katrina Maloney and Julie Kelley, representatives of client International Agricultural Enterprises, LLC (IAE), that Respondent failed to properly use approximately $1.1 million in insurance funds Respondent was holding in his trust account for the renovation of property owned by IAE. Respondent paid bills and paid himself without the proper authorization of the district court. He also exceeded the $500,000 limit imposed by the court for the renovation. Respondent failed to respond to the Maloney/Kelley grievance.

(5) Respondent acknowledges that if the allegations are proven, his conduct would constitute violations of Rules 1.15, 8.4(a) and (d), ORPC, Rules 1.3 and 5.2, RGDP, and the Oath of Attorney.

(6) Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the allegations.

(7) Respondent states that he has familiarized himself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of his resignation.

(8) Respondent acknowledges that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove his resignation is in the sole discretion of the Oklahoma Supreme Court; (b) he may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five (5) years from the date of this Order.

(9) Respondent acknowledges that, because of his conduct, the Client Security Fund may receive claims from his former clients. Should the Oklahoma Bar Association approve and pay such Client Security Fund claims, Respondent agrees he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(10) Respondent affirms that he will surrender his Oklahoma Bar Association membership card to the Office of the General Counsel or destroy it.

(11) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by him.

(12) Respondent acknowledges that he is responsible for paying any costs incurred in these proceedings, which this Court may order him to pay, prior to seeking reinstatement.

¶4 IT IS THEREFORE ORDERED that the resignation of Charles Brady Morris tendered during the pendency of disciplinary proceedings be approved and that his resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

¶5 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this Order.

¶6 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

¶7 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶8 IT IS FURTHER ORDERED that Respondent shall reimburse the OBA for the costs incurred in these proceedings, in the amount of $872.96, within ninety days of the date of this Order.

¶9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15th DAY OF DECEMBER, 2025.

/s/_____________________________
Chief Justice

ALL JUSTICES CONCUR